UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2298 PA (AFMx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Erin Giesenhagen v. Anthem Blue Cross Life and Health Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

    Plaintiff Erin Giesenhagen ("Plaintiff") initiated this action on April 6, 2022 against defendant Anthem Blue Cross Life and Health Insurance Company ("Defendant"). (Docket No. 1.) Plaintiff has served Defendant. (See Docket No. 10.) On June 15, 2022, Plaintiff filed a First Amended Complaint. (Docket No. 20.) However, Plaintiff did not seek leave from the Court to amend the original Complaint, nor does it appear that Plaintiff obtained consent from Defendant before filing the First Amended Complaint.

    Generally, "[a] party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because the original Complaint was served on Defendant more than 21 days ago and no answer is currently on file, Plaintiff could only amend the Complaint after first obtaining "the opposing party's written consent or the court's leave." Id. at 15(a)(2). If Plaintiff had obtained Defendant's written consent, then he would have been required to place a stipulation on the record to notify the Court. See L.R. 7-1 ("Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding. Written stipulations affecting the progress of the case shall be filed with the Court, be accompanied by a separate order as provided in L.R. 52-4.1, and will not be effective until approved by the judge, except as authorized by statute or the [Federal Rules].").

    Accordingly, the Court hereby orders Plaintiff to show cause in writing why the First Amended Complaint should not be stricken from the record for failure to comply with Rule 15(a)(2). Plaintiff's response shall be due no later than June 22, 2022. Failure to adequately respond to this Order to Show Cause may result, without further warning, in the First Amended Complaint being stricken from the record.

    IT IS SO ORDERED.